## GOLD v. REITER.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

MASTER AND SERVANT (§ 6*)—CONTRACT FOR SERVICES—EVIDENCE.

In an action for work, labor, and services, evidence *held* insufficient to warrant a finding that plaintiff was employed by defendant, or on his behalf, to do a part of the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Gold against Julius H. Reiter. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed, on conditions.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Julius H. Reiter, of New York City (David Freidberger, of New York City, of counsel), for appellant.

Myron Krieger, of New York City, for respondent.

GUY, J. Plaintiff sues to recover the value of work, labor, and services alleged to have been performed by him at the request of the defendant in repairing and papering, etc., on premises Nos. 78 and 82 Oak street, Jersey City. He testifies that about August 14, 1911, he had a conversation with the defendant at the above-named premises; that defendant stated he was the owner, and employed plaintiff to do certain repairs at No. 78, which were worth $30, and at No. 82, which were worth $14. This was the only time he had any conversation with the defendant relative to doing any work. He did perform certain work on or about August 24th at No. 78, worth $24, and at No. 82, worth $20.50, and again in September at No. 78, amounting to $22, and at No. 82, amounting to $5. The first work done upon the direct order of the defendant amounts to $44, and the work done later amounts in all to $72. The plaintiff bases his right to recover this last amount upon his testimony that, at the first conversation had with defendant, the defendant asked the plaintiff to recommend some suitable person to care for the premises Nos. 78 and 82 and collect the rents therefrom, that he recommended one Kast, whom the defendant thereupon engaged, and that subsequently Kast ordered plaintiff to perform the work, amounting to said sum of $72.

An analysis of plaintiff's testimony does not support this claim. Plaintiff testifies that Kast came to his (plaintiff's) store and ordered

the work; but, upon objection to this answer by defendant's attorney, plaintiff said that Kast "came into the store and asked me if I had the order for the work." Previous to this the plaintiff had testified that, after he had performed his first job, Kast told him to send the defendant an estimate as to the further work to be done, and that he did so; but it nowhere appears that the defendant received such estimate, or that either Kast or the defendant requested the plaintiff to do this work. Kast was not called as a witness, and the defendant denies that he was the owner of the property, or gave the plaintiff any orders whatever regarding it. Upon the conflict of testimony as to the agreement to perform the labor and furnish the materials upon the first job, amounting to the sum of $44, if that was the entire amount of the judgment, it could be sustained; but there is no evidence to sustain the judgment for the balance of plaintiff's claim, and unless he will stipulate to reduce the judgment to the sum of $44 a new trial must be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless plaintiff will stipulate, within five days after service of a copy of the order entered herewith, with notice of entry thereof, to modify the judgment, by reducing the same to the sum of $44, in which event the judgment, as modified, will be affirmed, without costs of this appeal to either party. All concur.